GARBERSON, D. B. A. REYNOLDSBURG SHOPPING CENTER BARBER
SHOP, APPELLANT, *v.* ADMINISTRATOR, BUREAU OF UNEMPLOYMENT
COMPENSATION, ET AL., APPELLEES.

(No. 8683—Decided June 27, 1967.)

*Messrs. Fisher & Thomas,* for appellant.
*Mr. William B. Saxbe,* attorney general, *Mr. Charles W.
Waterfield* and *Mr. C. Richard Gregg,* for appellees.

HERBERT, J. This is an appeal on questions of law from a
judgment in the Court of Common Pleas finding that the de-
cision of the Board of Review, Bureau of Unemployment Com-
pensation, was supported by reliable, probative and substan-
tial evidence and was in accordance with law.

It appears that the appellant was the lessee of two pre-
mises and the owner of the barber chairs and some other equip
ment therein. From and after July 1, 1960, he leased certain of

the chairs to other barbers and furnished them with some of their supplies, all in exchange for a percentage of their income.

Being under the impression that his method of operation was not within the purview of the statutes regarding unemployment compensation, the appellant made no contributions to the fund and had never been in contact with bureau officials.

On March 24, 1964, appellant was notified that he had been found amenable to the unemployment compensation laws and that such liability had begun on July 1, 1960. In order to calculate the arrearages due, the appellant's rates were fixed for each of the past years. His future rate was also determined for the year 1964.

Appellant paid in the amount demanded and on October 22, 1965 filed a claim for refund, alleging that such sum had been "erroneously and illegally collected." On November 2, 1965, the claim for refund was denied "to conform with" the March 24, 1964 "Determination of Employer's Liability." At this point, it was apparent that the administrator considered appellant's action to be a claim for refund, filed pursuant to Section 4141.09, Revised Code, and disallowed upon the grounds that the disputed funds had not been erroneously or illegally collected.

On November 23, 1965, appellant filed his request for reconsideration of the above disallowance, the application being made within the sixty days permitted by Section 4141.09, *supra.* On March 11, 1966, the administrator's reconsideration decision was handed down and, for the first time in the proceedings, mention was made of the thirty-day limitation for certain appeals found in Section 4141.26 of the Revised Code. The administrator held that in view of appellant's failure to appeal within the said thirty days, the determination of March 24, 1960, would be affirmed. At this stage, then, the administrator changed his view of appellant's action from being one involving a claim for refund brought within four years from the date appellant made the disputed payment (Section 4141.09), to an appeal from a contribution rate determination made pursuant to Section 4141.26.

On March 17, 1966, appellant filed his appeal to the Board

of Review and, on August 17, 1966, a hearing was held wherein testimony was taken and evidence presented upon the question of whether appellant's operations at the two barber shops subjected him to participation in the Unemployment Compensation Fund. During the hearing, the administrator raised and preserved the aforementioned jurisdictional question of whether appellant was required to appeal from the March 24, 1964, finding within thirty days under Section 4141.26, Revised Code.

On October 14, 1966, the Board of Review announced its decision and held that the failure of appellant to appeal the March 24, 1964, finding within the thirty days prescribed by Section 4141.26 was a bar to any subsequent action by appellant to determine whether he was an employer who should have been contributing to the Unemployment Compensation Fund. Since appellant's action claiming a refund of contributions "erroneously and illegally collected" necessarily involved such a factual determination, the board's decision inherently foreclosed the meaningful filing of such a claim beyond a period of thirty days from the date a previously noncomplying employer is notified that he has been found liable for initial contributions for past years, irrespective of the provisions of Section 4141.09 and the fact that such notification was based solely upon an ex parte determination by the administrator.

In order to uphold the position taken by the appellees, it would seem necessary to conclude that the finding of March 24, 1964, was made pursuant to Section 4141.26 of the Revised Code. That statute is quite lengthy and we will not set it out in its entirety. It is headed by the words "Appeal from contribution rate," it uses the word "rate" six times and states that "such rate shall become binding upon the employer unless," within thirty days after notice thereof, "the employer files an application with the administrator for reconsideration of the administrator's determination of such rate." The method of appealing from the reconsideration of the rate is provided to the Franklin County Court of Common Pleas and beyond. The fifth paragraph of this section states that it "applies to all other determinations and orders of the administrator affecting the liability of an employer to pay contributions or the amount of

such contributions, [and] determinations respecting application for refunds of contributions * * *."

It should be noted that the appellant specifically acceded to the correctness of the rates of contribution applied by the order of March 24, 1964. He is not appealing from an alleged erroneous or illegal rate computation and does not base his claim for refund upon a charge that he has been required to contribute an excessive amount due to an incorrect calculation of his contribution rate.

Since Section 4141.26 applies to prospective, annual redeterminations of contribution rates for the ensuing year for those employers who have furnished the necessary wage information (which appellant did), we are unable to agree with the Board of Review that the order of March 24, 1964, as applied to the past years of 1960, 1961, 1962 and 1963, was a determination made pursuant to such section.

As stated heretofore, the record fails to show that the appellant had been contacted by the administrator prior to the events culminating in his 1964 remittance. It is our view, therefore, that he was a "person, firm, corporation, or association" that had been "an employer subject to Sections 4141.01 to 4141.-46, inclusive, of the Revised Code," who had "failed to comply with such sections" as specified and set forth in Section 4141.27 of the Revised Code. As such, upon receipt of the administrator's demand for his payroll records and the subsequent order of March 24, 1964, appellant had the alternative of paying the sum assessed, within ten days of the notice of the amount due, or being sued by the state of Ohio. In such litigation, appellant would have been faced with the burden of overcoming a statutory prima facie case against him, would have been required to execute a bond to the state in double the amount of the assessment, with only such sureties as were approved by the administrator, and, failing to deliver such bond, would have suffered the appointment of a receiver, without notice, to take charge of his property and assets pending the outcome of the suit. Further, should appellant have lost in this effort to have the administrator's ex parte determination of his employer status redetermined in an adversary proceeding, he would have

been required to pay interest upon the assessment and the costs of the litigation.

Our understanding of appellant's contention is that he chose the alternative of immediate payment for the past years, followed by an adversary hearing pursuant to the provisions of Section 4141.09, which allow him to seek a refund of the disputed funds within four years of their assessment. It is our conclusion that this alternative was available to him to the extent of claiming a refund for the years 1960, 1961, 1962 and 1963. Appellant may not now contest the contributions for the years subsequent to 1963, for those were fixed upon an ensuing year basis, pursuant to Section 4141.26, and appeal from each annual computation of his contribution rate, as well as the determination of employer status upon which those computations were based, must be lodged within the thirty days prescribed by that section.

The case of *Acme Engineering Co.* v. *Jones, Admr., Bureau of Unemployment Compensation,* 150 Ohio St. 423, cited by both parties, seems to have little application to the instant problem. *Acme* dealt with an overpayment due to an alleged erroneous computation of the employer's contribution rate, *i. e.,* the difference between the amount paid under a rate of seven-tenths per cent as opposed to one paid under a rate of two and seven-tenths per cent. In such a situation, as the Supreme Court held in *Acme,* appeal from the rate fixed must be lodged within the thirty-day (then sixty) limitation under Section 4141.26, Revised Code (then Section 1345-4, General Code). It does appear significant that, even though the substance of what is now the fifth paragraph of Section 4141.26 was in effect at the time the employer in *Acme* began doing business, the Supreme Court did not mention that language as having any effect upon the question of the time limit provided for applications for refunds of contributions erroneously collected, despite the fact that the employer's claim in that case was originally made under the four-year limitation provided by what is now Section 4141.09.

We are aware that our outcome here points up an apparent conflict between the fifth paragraph of Section 4141.26 and subparagraph (E) of Section 4141.09. However, it is our view that

to follow the interpretation placed upon the former section by the appellees would render the provisions of the latter section a nullity. The doctrine of implicatory repeal should not be invoked unless all of the pertinent language employed by the General Assembly will admit to no other reasonable conclusion under the circumstances.

Evidence bearing upon whether appellant was an employer amenable to the provisions of Chapter 4141 of the Revised Code between July 1, 1960, and December 31, 1963 was adduced at the hearing before the Board of Review. In view of our conclusions here, this cause must be remanded to the Court of Common Pleas with instructions that the matter be returned to the Board of Review for a factual determination of the appellant's status as an employer during such period.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.